**TILLIE JOYNER v. WESLEY WILLIAMS**

23 So. (2nd) 853                                     June Term, 1945
November 30, 1945                                    Division A

616

*Doyle Campbell,* for appellant.
V. A. *Sims* and R. E. *Bradley,* for appellee.

TERRELL, J.:

Transactions by Maggie Williams, Wesley Williams and Tillie Joyner precipitated this litigation. Maggie Williams and Wesley Williams were husband and wife. Tillie Joyner was the daughter of Maggie Williams and step-daughter of Wesley Williams. In 1941 Wesley Williams and Maggie Williams executed a deed to Tillie Joyner describing certain lands, said deed containing the following reservation:

"and for further consideration that the said first parties (meaning Maggie Williams, and her husband, Wesley Williams) shall be permitted to use and occupy said premises *as a home* so long as either of said first parties shall live."

There was a cottage, a rooming house and a garage apartment on the premises so described. In July 1943, Maggie Williams died and thereafter Wesley Williams executed to Tillie Joyner a deed to his interest in the premises. Subsequently, the rooming house was partially destroyed by fire and was insured in the sum of $2,000.00. Tillie Joyner attempted to collect the insurance, when Wesley Williams filed suit to set aside the deed he had recently executed to Tillie Joyner. Answer was filed and on final hearing, the chancellor found said deed to be void and that the deed from Maggie Williams and Wesley Williams to Tillie Joyner reserved a life estate in all the premises in favor of the grantors. This appeal is from the final decree.

The question for determination is whether the deed from Maggie and Wesley Williams to Tillie Joyner reserved a life estate in all the premises described, or did it limit the life estate to the cottage on the premises.

The deed in terms provided that Maggie Williams and Wesley Williams be permitted to use and occupy said premises as a home so long as either of said parties shall live. The chancellor construed this language to cover all the premises and we think he was correct. The evidence all supports this holding, and the further fact that the premises were used as both the home and means of support of the grantors. It also shows that the grantors lived in the rooming house part of the time, and then moved to the cottage, but there is no showing that any portion of the premises was excepted from the deed. Then there is no support in reason for any contention other than that the grantors intended to reserve a life estate in all the premises.

After the testimony on the main question was closed, appellant moved to reopen the case for the purpose of introducing new and further testimony with reference to the character of the Chief Witness. Error is assigned on the denial of this motion.

The motion was seasonably made, but its allowance was largely in the discretion of the trial court and it is not shown that his discretion was abused. In fact, it appears that the court was familiar with the proffered evidence and being so, we would be more reluctant to disturb his ruling on that point.

Affirmed.

CHAPMAN, C. J., BROWN, THOMAS, SEBRING and ADAMS, JJ., concur.

BUFORD, J., dissents.

BUFORD, J., dissenting:

I think the deed from Maggie Williams and Wesley Williams conveyed a fee simple estate in Tillie Joyner. That part of the consideration for the conveyance was that the grantors "shall be permitted to use and occupy said premises as a home as long as either of parties of the first part shall live" and that there was no reservation of a life estate in the grantors. There is no showing that the agreement for use and occupancy has been breached. I therefore think the decree should be reversed.