185 So.2d 164 (1966)
Randoil PITTS, Jr., Alias Randolph Pitts, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 34280.
Supreme Court of Florida.
April 13, 1966.
*165 Eugene T. Whitworth, Joseph V. Canto and James D. Salter, Gainesville, for appellant.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for appellee.
DREW, Justice.
Appellant Randoil Pitts, Jr., alias Randolph Pitts, Jr., was tried and convicted of the offense of rape and sentenced to death. He raises six points on this appeal and we shall dispose of them in the order raised.
The first point is whether the trial judge committed reversible error in submitting the case to the jury because of the legal insufficiency of the evidence to support the verdict and judgment of guilt.
We have examined the evidence in detail. No useful purpose would be served by narrating it here. It is sufficient to say that there is ample, competent evidence in this record to support the verdict of the jury that the appellant was guilty of ravishing and carnally knowing the victim of his assault who was over the age of ten years by force and against her will. While it is true that no deadly weapon was used in the assault, the evidence amply supports the conclusion that the defendant, by the use of superior force and strength paralyzed his victim with fear, accomplished his purpose and by choking her prevented any outcry.[1]
Under this point the appellant also urges that the evidence was legally insufficient to establish the identity of the defendant as the person perpetrating the crime. We find no merit in this contention. While the evidence, as usual in cases of this kind, is conflicting, there *166 was sufficient evidence in the record, if believed by the jury, to fully and completely establish the identity of the appellant Pitts as the person guilty of perpetrating the crime.
Appellant argues that the trial court committed error in systematically excluding several prospective jurors from service solely because they were inclined to recommend mercy, thus violating a right of appellant under the Florida statutes as well as fostering in the minds of the jurors a prejudicial impression of judicial disfavor of recommendation of mercy for the appellant.
Illustrative of the questions to which the appellant objects was one to a juror asking "* * * is your belief concerning capital punishment such that you would hesitate in rendering a verdict of guilty, if you thought the penalty would be death?" with the juror answering "I believe it would." Following this colloquy the court excused the juror. Similar questions were asked to other jurors and one of them answered "* * * If I knew within my own mind that he was guilty I would do it without hesitating about it, but I think I would recommend mercy." Another juror in being interrogated along the same lines stated "I would vote for guilty, if I thought the evidence warranted it, but I would also vote for mercy afterwards" irrespective of the evidence. We find nothing wrong with the action of the trial court in dispensing with the services of these prospective jurors when the whole examination on voir dire is considered and construed in the light of the applicable law. Chapter 919.23 provides that:
"(1) In all criminal trials, the jury, in addition to a verdict of guilty of any offense, may recommend the accused to the mercy of the court or to executive clemency, and such recommendation shall not qualify the verdict except in capital cases. * * *"
"(2) Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; * * *."
This section must be construed, however, with Section 932.20, Florida Statutes, F.S.A., which provides that:
"No person whose opinions are such as to preclude him from finding any defendant guilty of an offense punishable with death shall be allowed to serve as a juror on the trial of any capital case."
In the light of these statutes, we think the trial court was correct in excusing these prospective jurors from service in this case and that the appellant has failed in this respect to carry the burden of showing reversible error.
Appellant questions the action of the trial judge in permitting the State to reopen its case and impeach its own witness on the ground that the jury had submitted a question requesting clarification of the conflicting testimony between such witness and the prosecutrix pertaining to the initial identification of the appellant.
Ordinarily the question of allowing the reopening of cases is one involving sound judicial discretion of the trial court, a discretion rarely interfered with at the appellate level.[2] Moreover, we do not agree with appellant's contention that the reopening was for the purpose of impeachment of the State's witness. It was to clear up certain ambiguities in the testimony which undoubtedly had been confused in the minds of the jurors. The record supports the court in reopening the case for the purpose of clearing up a point that had been confused in the original presentation.
The fourth, fifth and last points raised on this appeal by the appellant concern certain physical evidence offered *167 by the State and certain remarks made by the State Attorney in his closing arguments before the jury. We find no merit in any of these contentions.
In accordance with the provisions of paragraph 2 of Section 924.32, Florida Statutes, F.S.A., we have reviewed the evidence to determine if the interests of justice required a new trial with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice require that a new trial be awarded.
Affirmed.
THORNAL, C.J., and THOMAS, ROBERTS, O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] For discussions of the degree of force which must be established in rape prosecutions see Green v. State, 1938, 135 Fla. 17, 184 So. 504; Flowers v. State, 1943, 152 Fla. 649, 12 So.2d 772; Thomas v. State, 1964, 167 So.2d 309. The facts delineated by the evidence presented in this case, if believed by the jury, were sufficient to comply with the principles laid down by the cited cases.
[2] Joyner v. Williams, 1945, 156 Fla. 615, 23 So.2d 853; Bellamy v. State, 1908, 56 Fla. 43, 47 So. 868; Ortiz v. State, 1892, 30 Fla. 256, 11 So. 611.