JOHNSON, Chief Judge.
This is an appeal from a jury verdict and final judgment based thereon. The appellants’ primary contentions of error are: (1) the evidence fails to support the finding of negligence; (2) that the trial court improperly ruled that Section 51.12, Florida Statutes, F.S.A. as it existed prior to repeal thereof was controlling; and (3) the trial court erred in permitting appel-lees to reopen their case and present testi-. mony on matters extraneous to the pleadings.
As to the first point supra, it is well established that the findings of the triers of the facts will not be disturbed by the appellate court in the absence of a clear showing that evidence was insufficient to support such findings. We have reviewed the evidence in the case sub judice, and cannot find any such abuse as to warrant interference by this court.
At to points two and three supra, it appears that the trial court may have had some question in his mind as to whether or not Section 51.12, Florida Statutes, F.S.A. had been fully repealed by the adoption by the Supreme Court of Rule 1.110 (b) (c), 30 F.S.A., and as to whether the subsequent repeal by statute, affected a complaint filed prior to such statutory repeal, but amended subsequent to such repeal.
It appears that the trial court resolved this question in favor of the plaintiff below, in not granting the defendants’ motions for directed verdict, but in order to remove any doubts, the trial court exercised its discretion in permitting the plaintiffs to reopen their case and submit testimony showing the relationship between the corporate defendant owner of the vehicle and the driver employee-defendant. The defendants objected to the court permitting 'this, but did not offer any evidence to refute the testimony so offered by the plaintiffs.
The question of allowing the reopening of the plaintiffs’ case is one involving the sound judicial discretion of the trial court, and will rarely be interferred with at the appellate level.[1] We do not feel disposed to interfere with the court’s discretion in the case sub judice.
In view of the observations above stated, the judgment appealed from must be affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Pitts v. State, 185 So.2d 164 (Fla.1966).