357 So.2d 491 (1978)
Roy DEES, Appellant,
v.
STATE of Florida, Appellee.
No. HH-473.
District Court of Appeal of Florida, First District.
April 20, 1978.
Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant/defendant seeks review of his conviction for uttering a forged instrument, viz: a check, in violation of § 831.02, Florida Statutes (1975). Prior to closing, the State adduced evidence that the check was drawn on Columbia County Bank, Lake City, Florida, and was deposited in the State Exchange Bank of Lake City, Florida. After the State closed, the defendant moved for acquittal on the ground that venue had not been established. The motion was denied and the court allowed the State to reopen its case to present further evidence on venue. Defendant now urges that the trial court abused its discretion in allowing the State to reopen its case to establish venue where his motion for judgment of acquittal was made after the close of the State's case and was based on the ground that venue had not been proved.
It is well established that the decision of the trial judge allowing a party to reopen its case will not be reversed unless a clear abuse of discretion is shown. See e.g., Pitts v. State, 185 So.2d 164 (Fla. 1966); Kimmons v. State, 178 So.2d 608 (Fla. 1 DCA 1965); King v. State, 272 So.2d 821 (Fla. 3 DCA 1973).
Under the facts of this case, we hold that an abuse of discretion has not been demonstrated. Accordingly, the judgment and sentence are AFFIRMED.
McCORD, C.J., and BOYER and SMITH, JJ., concur.