596 So.2d 733 (1992)
Thomas J. BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00732.
District Court of Appeal of Florida, Second District.
March 25, 1992.
James Marion Moorman, Public Defender, Bartow, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
*734 PARKER, Judge.
Thomas J. Burton appeals his conviction for carrying a concealed firearm, raising a double jeopardy argument. We agree with Burton and reverse his conviction for carrying a concealed firearm.
Burton was tried in a bench trial for charges of aggravated battery with a firearm and carrying a concealed firearm. Following the presentation of the state's evidence, the defense moved for a judgment of acquittal, contending that the state had failed to prove a prima facie case of guilt as to both crimes. Regarding the concealed firearm charge, the defense argued that the state presented no evidence as to where the gun was recovered or that it was a functioning firearm. The trial court denied the motion. The defense then rested without presenting any evidence. The trial court found Burton guilty of aggravated battery and pronounced him not guilty of the concealed weapon charge because the state produced no evidence that the weapon was concealed.[1] Thereafter, the state requested to reopen its case in order that the trial court could consider additional testimony from another witness concerning whether the firearm was concealed. The trial court permitted this, and following that testimony, the trial court found Burton guilty of carrying a concealed firearm.
Burton argues that he illegally was put in jeopardy twice for the same charge when the trial court permitted the state to reopen its case after the trial court had found him not guilty. We must determine whether the trial judge's oral pronouncement of not guilty was sufficient to acquit Burton immediately of the concealed firearm charge. We find no Florida precedent directly on point; however, similar cases from other jurisdictions have addressed the issue.
One Florida case which is somewhat analogous to the instant case is Watson v. State, 410 So.2d 207 (Fla. 1st DCA 1982). In Watson, the defendant moved for acquittal after the state rested. The trial court granted the motion. The following day the state asked the court to reconsider its acquittal and pointed out the court's error. Defense counsel conceded that the trial court entered the acquittal erroneously but argued that Watson would be placed in double jeopardy if the court reinstated the charge. The trial court granted the state's request and required Watson to proceed. The First District held that the trial court erred because jeopardy had attached once Watson obtained an acquittal. The First District held that further proceedings devoted to the resolution of factual issues depicting the elements of the charged offense constituted a retrial. The First District, however, stated that a trial judge could reconsider an erroneous ruling granting a motion for judgment of acquittal in some situations but failed to delineate in what situation reconsideration would be appropriate.
Florida cases indicate that the judgment of not guilty is effective once the judge pronounces it. In Wheeler Fertilizer Co. v. Rogers, 49 So.2d 83, 87 (Fla. 1950) (Hobson, J., dissenting), Justice Hobson declared that "[a]n order is usually considered rendered when it is pronounced by the judge in open court." In deciding when the time begins to run for speedy trial purposes, the supreme court held that it was from the time the trial court denied in open court the motion to dismiss because *735 "a decision is rendered when the controversy is decided and the judgment is pronounced in court." Sparkman v. McClure, 498 So.2d 892, 895 (Fla. 1986). The Sparkman court, however, found it necessary for the clerk to make a notation of the order. See also McDermott v. City of Clearwater, 526 So.2d 121, 122 n. 1 (Fla. 2d DCA), review denied, 534 So.2d 400 (Fla. 1988); Briseno v. Perry, 417 So.2d 813, 813-14 (Fla. 5th DCA 1982), review denied, 427 So.2d 736 (Fla. 1983) ("a judgment or order is rendered and is valid and binding when it is orally given, pronounced or announced, although the only competent evidence of that judicial act is a memorial or record in the form of a later written and signed order or judgment"). These cases, although instructive, are not conclusive because their facts and those of the instant case are different and the clerk in the instant case never noted the not guilty judgment.
Cases from other jurisdictions have reached differing conclusions on this issue. In State v. Allen, 205 Conn. 370, 533 A.2d 559 (1987), the Supreme Court of Connecticut held that it was an abuse of discretion for the trial court to permit the state to reopen its case-in-chief after the defendant's motion for judgment of acquittal at the end of the state's case pointed out to the state the specific infirmity in the state's proof. Likewise, in People v. Meeker, 661 P.2d 1193 (Colo.Ct.App. 1982), the appeals court concluded that the court's oral statement granting the motion for judgment of acquittal was a final judgment and that the trial court's allowance of the prosecution to reopen its case to present expert testimony regarding an element of the crime was in violation of the prohibition against double jeopardy. See also People v. Stout, 108 Ill. App.3d 96, 63 Ill.Dec. 810, 438 N.E.2d 952 (1982) (oral announcement that verdict is directed for defendant is sufficient to bar further proceedings).
On the other hand, a Georgia appellate court held that the trial court's oral granting of a judgment of acquittal and subsequent reconsideration of the decision was not a final judgment of acquittal; therefore, there was no violation of double jeopardy when the trial proceeded after the judge's oral ruling. Harden v. State, 160 Ga. App. 514, 287 S.E.2d 329 (1981). The District of Columbia appellate court reached a similar result in In re J.A.H., 315 A.2d 825 (D.C. 1974). The trial court in J.A.H. allowed the state to present additional evidence to supply proof of the missing element after the court orally granted a motion for judgment of acquittal. The appellate court held that a trial court is permitted to reconsider its rulings until entry of the judgment. See also Stewart v. U.S., 439 A.2d 461 (D.C. 1981).
We conclude that the better rule is to find that double jeopardy barred further proceedings and that the trial court should not have permitted the prosecution to reopen its case to provide the missing element of proof after the state had rested and after the court had declared that the defendant was not guilty based on the state's failure of proof. Even if this court were to find that jeopardy had not attached in this case, it was an abuse of discretion for the trial court to allow the state to present proof of the missing element once the defendant identified the deficiency in the state's case.
Reversed and remanded with directions to the trial court to enter an acquittal for Burton on the charge of carrying a concealed weapon.
CAMPBELL, A.C.J., and McDONALD, RANDALL G., Associate Judge, concur.
NOTES
[1] Although the trial court pronounced Burton guilty, it is apparent from the following comments that the finding of guilt only applied to the aggravated battery charge:

DEFENSE: Defense rests, Your Honor.
THE COURT: I find him guilty. It's a three-year minimum mandatory. I have no choice, right?
PROSECUTION: Yes, Judge.
THE COURT: Make adjudication of guilt. Can you or your client show cause why sentence should not be pronounced at this time?
DEFENSE: Other than my previous recitation, Your Honor.
THE COURT: I will sentence him to a three-year minimum mandatory with credit. I will find him, let's see 
It's a stupid question but after you shoot somebody, are you carrying a concealed firearm?
PROSECUTION: If it was concealed before.
THE COURT: It has to be concealed before, so there is really no evidence of that. I will find him not guilty of that.