717 So.2d 193 (1998)
K. K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3163.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The issue in this case is whether the trial court committed reversible error by allowing the state, after it had rested and the defense had moved for a judgment of acquittal, to re-open its case to cure the defect pointed out in the defense motion.
On appeal, the defendant relies on the opinion of Burton v. State, 596 So.2d 733 (Fla. 2d DCA 1992), which found double jeopardy in a case wherein the state's motion to reopen followed the trial court's pronouncement that the defendant therein was not guilty. That is not what occurred in the instant case.
The First District Court of Appeal has held in several cases that allowing the state to reopen its case is a matter for the trial court's discretion. See, e.g., Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997); Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980); Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978).
Over 100 years ago the Florida Supreme Court held that reopening a case for additional testimony is a matter for the trial court's discretion. Hoey v. Fletcher, 39 Fla. 325, 22 So. 716 (1897). It has reiterated that view in more recent cases. See, e.g., Stewart v. State, 420 So.2d 862 (Fla.1982), cert denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983); Pitts v. State, 185 So.2d 164 (Fla.1966).
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.