742 So.2d 842 (1999)
Charles Ray LYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03772.
District Court of Appeal of Florida, Second District.
September 15, 1999.
Rochelle L. Lefler of Dixon, Lefler & Lorenzen, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Charles Ray Lyles ("Lyles") appeals the judgment and sentence, which the trial court imposed after it found that Lyles had violated the terms of his probation. Lyles argues that the trial court placed him in double jeopardy by allowing the State to reopen its case to introduce additional evidence that established his identity as the probationer. Additionally, Lyles suggests that the trial court abused its discretion by allowing the State to reopen its case and sua sponte ordering Lyles' fingerprints be taken for identification purposes. Although we find that the trial court did not place Lyles in double jeopardy, we must reverse because the trial court erred by sua sponte continuing the hearing and ordering Lyles to submit to fingerprinting.
Citing Burton v. State, 596 So.2d 733 (Fla. 2d DCA 1992), Lyles argues double jeopardy. In Burton, the trial court found the defendant not guilty of carrying a concealed firearm because the State failed to present any evidence that the firearm was concealed. See id. at 734. The State then asked to reopen its case to provide additional evidence. See id. at 734. After granting the request and receiving additional testimony, the trial court in Burton set aside its finding of "not guilty" and found the defendant guilty as charged. *843 See id. at 734. This court reversed that conviction, holding that double jeopardy barred further proceedings after the State rested and the trial court declared the defendant not guilty. See id. at 735.
However, we distinguish the instant case from Burton. Here, the trial court did not make a finding as to whether Lyles had violated the terms of his probation. Without such a pronouncement, we are satisfied that jeopardy did not attach and the further proceedings did not place Lyles in double jeopardy. See K.K. v. State, 717 So.2d 193 (Fla. 5th DCA 1998).
Lyles contends that the trial court abused its discretion by allowing additional proceedings after the State rested and Lyles' attorney pointed out the deficiency in the State's proof. As support for this argument, Lyles cites the statement in Burton that "[e]ven if this court were to find that jeopardy had not attached in this case, it was an abuse of discretion for the trial court to allow the state to present proof of the missing element once the defendant identified the deficiency in the state's case." Burton, 596 So.2d at 735. In contrast, we note that the First District held in Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997), that allowing the State to reopen its case is not an abuse of discretion if the trial judge has not announced his ruling. See also Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978).
We need not determine whether the language in Burton is dicta, nor need we resolve any potential conflict between Burton and Dees. The trial court committed fundamental error by sua sponte ordering Lyles' fingerprints for the purpose of identification and bifurcating the hearing to allow additional testimony. See McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA April 28, 1999); Sparks v. State, 24 Fla. L. Weekly D829, 740 So.2d 33 (Fla. 1st DCA 1999); J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998). Whether intentional or not, the trial judge gave the appearance of partiality by taking sua sponte actions which benefitted the State. Had the judge made these decisions in response to the State's request, the issue would be whether he abused his discretion. To issue such rulings sua sponte deprived Lyles of one of the essentials of due process, an impartial magistrate. Accordingly, we must reverse and order a new hearing before a different judge on Lyles' alleged violations of probation.
Reversed.
WHATLEY, A.C.J., and NORTHCUTT, J., Concur.