PER CURIAM.
J.R.A., a juvenile, appeals the trial court’s order adjudicating him delinquent and committing him to the custody of the Department of Juvenile Justice. We affirm.
The State charged appellant with one count of possession of a firearm by an adjudicated delinquent juvenile. Instead of offering a certified copy of appellant’s prior adjudication, the prosecutor asked the court to take judicial notice of the court file in another case.
MS. McMURTRY [the prosecutor]: ... As a preliminary matter we’d ask the Court to take judicial notice of his prior adjudication of delinquency in case number 97-1384 for a felony charge of burglary and a misdemeanor charge of petit theft. It’s my understanding there’s no objection by defense counsel.
MR. RYAN [defense counsel]: To the actual — what exactly is it? It’s the certified copy—
MS. McMURTRY: The adjudication—
MR. RYAN: — of the adjudication.
MS. McMURTRY: We have the actual court file with this in court here.
MR. RYAN: Can I take a look at it please?
MS. McMURTRY: Absolutely.
MR. RYAN: Just to verify which? Where is it? No objection.
THE COURT: The motion for judicial notice is granted. I will consider then the judgment of delinquency, and this is for burglary.
The state offered evidence as to the possession element, then rested. Appellant moved for judgment of acquittal on the ground that the State failed to prove that the prior adjudication of delinquency which the court had judicially noticed related to him. The prosecutor argued that defense counsel had stipulated to a prior adjudication, while defense counsel denied that his lack of objection to the State’s proffer of the court file constituted a stipulation to anything. The trial court, over objection, permitted the State to reopen its case.
The state then called a deputy clerk with the juvenile division, who testified to certain factual matters contained within the court file, but she did not identify appellant as the person whose deeds were recorded in that file. The State also offered the testimony of a police officer, who said that he knows appellant has a prior record, because appellant told him he had previously been convicted of a burglary. Finally, the State called a probation officer, who testified over objection to the contents of her case file for a person named “Jonathan Adams.” However, she did not identify appellant as the “Jonathan Adams” referred to in her file. The State rested.
Appellant renewed his motion for judgment of acquittal, and argued that the State had proved that a person named Jonathan Adams had been convicted of burglary and adjudicated delinquent, but had failed to prove that his client was the same person who had been convicted of that burglary. The trial court found the record sufficiently made a prima facie case against appellant and denied the motion for judgment of acquittal. It entered its disposition order finding that appellant had committed the delinquent act of pos *1275 session of a firearm or weapon by a convicted felon-juvenile, and committed him to a level 10 residential commitment. ■
Appellant contends that the trial court erred in denying his motions' for judgment of acquittal because the state never established his identity as the per-’ son who was referred to in the court file on the prior adjudication. We disagree. The prosecutor specifically asked the trial court to take judicial notice of “his,” meaning appellant’s, prior adjudication. Defense counsel stated that he had no objection and the trial court announced that “The motion for judicial notice is granted. I will consider then the judgment of delinquency, and this is for burglary.”
Appellant also contends that the trial court should not have reopened the case to permit the prosecutor to offer additional evidence after appellant’s motion for judgment of acquittal identified the state’s failure of proof. We hold that under the facts of this case the trial court did not abuse its discretion when it reopened the case. See K.K. v. State, 717 So.2d 193 (Fla. 5th DCA 1998). We also conclude that the circumstances leading to the trial court’s reopening of the case, i.e., appellant’s waiver of objection to the trial court taking judicial notice of appellant’s prior adjudication, distinguishes this case from the facts considered in Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999).
Accordingly, we affirm appellant’s adjudication and sentence for possession of a firearm by an adjudicated delinquent juvenile.
AFFIRMED
DELL, STONE, and KLEIN, JJ„ concur.