WHATLEY, Judge.
In this appeal of an order terminating their parental rights, both parents contend that the trial court erred in reopening the case after the parties had rested. We agree and reverse.
The trial in this matter began on December 5, 2001, and, because the guardian was not available to testify on that date, it was continued until January 29, 2002. After testimony was taken on January 29, both parties rested and the trial court announced, “So end of case. Under advisement. I will have to dig through all of this and review my prior notes and then *582 decide what I am going to do.” However, on March 26, 2002, the trial court sua sponte reopened the case and asked for additional testimony, noting that the father had been subsequently arrested for offenses involving alcohol. Neither party had moved to reopen the case, and both parents objected to such.
It is improper for the trial court to take sua sponte actions which give the appearance of partiality. In Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999), it was alleged that the appellant had violated the terms of his probation. At a hearing on the violation, the State rested and the appellant noted a deficiency in the State’s case. Thereafter, the trial court allowed the State to reopen its case, and the court ordered that the appellant’s fingerprints be-taken for identification purposes. After the hearing, the trial court found that the appellant had violated the terms of his probation.
In Lyles, this court held that the trial court committed fundamental error by sua sponte ordering the appellant’s fingerprints be taken and bifurcating the hearing to allow additional testimony. Id. at 843. This court held that “the trial judge gave the appearance of partiality by taking sua sponte actions which benefitted the State.” Id. In the instant case, the trial judge gave the appearance of partiality by sua sponte reopening the case after all parties had rested and he had commented that the trial was concluded.
After the case was reopened, evidence of the father’s arrest was presented and the guardian changed her recommendation from the earlier proceeding. We conclude that as a result of the trial court’s sua sponte decision to reopen the trial, the parents were deprived of their right to an impartial magistrate. Id.; cf. Kirkpatrick v. State, 769 So.2d 515 (Fla. 1st DCA 2000) (holding that trial court did not commit reversible error by' sua sponte directing the State to produce additional witnesses at a continuation of a probation hearing after both parties had rested because its actions were that of a neutral fact finder attempting to resolve conflicts in the testimony presented); Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997) (affirming decision to reopen case when it could not be determined from the record whether the trial court directed the State to reopen the case or whether the State requested permission to reopen the case).
Accordingly, we reverse the order terminating the parental rights of both parents and order a new trial before a different judge on the amended petition for termination of parental rights.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.