# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2838
Lower Tribunal No. 01-15409
_____

**R.W., the Mother,**
Appellant,

vs.

**The Department of Children & Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jeri B. Cohen, Judge.

Albert W. Guffanti, for appellant.

Karla Perkins, Appellate Counsel, for appellee Department of Children and Families; Laura J. Lee (Sanford), Appellate Counsel, for appellee Guardian ad Litem Program.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

R.W. appeals the trial court's order terminating her parental rights, raising three claims on appeal. We find no merit in the first two issues raised.[1] The third claim is that the trial court's participation in the questioning of witnesses at the adjudicatory hearing constituted an abandonment of the trial court's role of neutrality and impartiality. At the final hearing, however, R.W. failed to object to virtually all of the questions it now relies upon for this claim.[2] R.W. asserts that the trial court's conduct and participation constituted fundamental error and deprived R.W. of due process.

Upon the record presented, we find no fundamental error or deprivation of due process, but we caution the trial court of the importance of maintaining impartiality and the appearance of impartiality. A trial court may properly question witnesses "when required by the interests of justice." § 90.615(2), Fla. Stat. (2015). Such questioning may be appropriate, in the court's discretion, to

---

[1] The first claim is that the absence of R.W.'s signature on the previously-entered case plan compels reversal of the order terminating her parental rights. It is true that a case plan "must be signed by all parties." § 39.6011(3), Fla. Stat. (2015); Fla. R. Juv. P. 8.400 (e). And a parent's signature on the case plan is evidence that the parent received the case plan and understood its terms. However, this does not mean that the failure to obtain a parent's signature renders the case plan void or invalidates this petition for termination. In the case at bar there was competent substantial evidence (including R.W.'s own testimony) that R.W. was offered and received a case plan, and that she understood the nature, terms and conditions of that case plan. We find the second claim is without merit and warrants no further discussion.

[2] As to the two occasions in which contemporaneous objections were made, we find that any error was harmless.

seek clarification of an issue and in an effort to ascertain the truth. R.O. v. State, 46 So. 3d 124 (Fla. 3d DCA 2010). However, a trial judge must ensure that he or she does not become an active participant or an advocate in the proceedings and should not by words or actions make it "appear that his neutrality is departing from the center." Riddle v. State, 755 So. 2d 771, 773 (Fla. 4th DCA 2000).

Appellees posit that the concerns over neutrality and impartiality may be somewhat lessened because this was a nonjury proceeding. This argument misses the point. One might reasonably argue that there is an additional dimension of concern for neutrality and impartiality in the context of a jury trial, where a trial judge's questioning, comments or conduct may impermissibly influence the jury as factfinder. Nevertheless, the need to maintain impartiality, and the appearance of impartiality, is just as vital in a nonjury proceeding, as all parties are "entitled to nothing less than the cold neutrality of an impartial judge." State ex rel. Davis v. Parks, 194 So. 613, 615 (Fla. 1939). See also Sears v. State, 889 So. 2d 956 (Fla. 5th DCA 2004) (applying Parks in the context of a nonjury proceeding). In Parks, 194 So. 2d at 615, the Florida Supreme Court expounded on this principle:

> This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.

3

{ "pageset": "Se1

It is not enough for a judge to assert that he is free from prejudice. His mien and the reflex from his court room speak louder than he can declaim on this point. If he fails through these avenues to reflect justice and square dealing, his usefulness is destroyed. The attitude of the judge and the atmosphere of the court room should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance that he is in a forum where the judicial ermine is everything that it typifies, purity and justice. The guaranty of a fair and impartial trial can mean nothing less than this.

Affirmed.