# Third District Court of Appeal

## State of Florida

Opinion filed January 9, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-400
Lower Tribunal No. 17-2384
_____

**M.W., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Brooke Moody, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before SALTER, SCALES and LUCK, JJ.

SCALES, J.

After finding M.W., a juvenile, guilty of petit theft, the trial court withheld adjudication and issued a judicial warning. M.W. appeals on the lone ground that the trial judge "entered the fray" during the trial and sacrificed trial court neutrality. Because we conclude that the trial judge did not overstep his obligation to remain neutral and impartial, we affirm the order on appeal.

The State charged M.W. in a one-count petition for delinquency after M.W. was arrested for shoplifting headphones at an Apple Store. According to statute, "if the property stolen is valued at $100 or more, but less than $300, the offender commits petit theft in the first degree." § 812.014(2)(e), Fla. Stat. (2017). At trial, the State was examining the store security officer who arrested M.W. when the following exchange occurred:

> WITNESS: We basically, because he is a juvenile we have [to] call the parent. And the fact that the amount was 299.95 –
>
> DEFENSE: Objection, hearsay.
>
> JUDGE: Establish how he knows.
>
> STATE: Your Honor, he has personal knowledge.
>
> JUDGE: Establish.

Thereafter, the State asked the appropriate set of questions to establish the value of the headphones at $299.95. On appeal, M.W. argues that this exchange shows the trial judge entering the fray to an impermissible degree in order to

2

establish a key fact of the proceeding. Conceding that the defense at trial lodged no objection to the trial court's participation in this exchange, M.W. further argues fundamental error.

A trial court owes a duty of neutrality to the parties and may not favor one side or the other. J.L.D. v. State, 4 So. 3d 24, 26 (Fla. 2d DCA 2009). In J.L.D., a juvenile was adjudicated delinquent for grand theft of a motor vehicle. During the restitution phase of the trial, the trial judge took over the questioning of witnesses in an effort to establish the amount of damages. The Second District concluded that the trial judge "departed from a position of neutrality in an attempt to elicit testimony in support of the restitution award." Id. at 26. The Second District, however, determined that the error was harmless because the trial court's conduct did not increase the restitution award. Id.

In Lyles v. State, 742 So. 2d 842, 843 (Fla. 2d DCA 1999), the Second District determined that a trial judge, in a probation revocation proceeding, "committed fundamental error by sua sponte ordering Lyles' fingerprints for the purpose of identification and bifurcating the hearing to allow additional testimony." Id. at 843. The extent to which the trial judge intruded in the proceeding led the Second District to conclude that the defendant was deprived of an impartial judge. Id.; see also Sparks v. State, 740 So. 2d 33, 36 (Fla. 1st DCA 1999).

3

M.W. cites to both J.L.D. and Lyles to establish that a trial judge's decision to enter the fray may rise to the level of fundamental error. M.W. supports these cases with several, other non-fundamental error cases that confirm the proposition that a trial court may not breach neutrality. See Seago v. State, 23 So. 3d 1269, 1272 (Fla. 2d DCA 2010) (holding that it was improper for the trial judge to suggest to a witness that her testimony must be identical to that of her pretrial deposition); Evans v. State, 831 So. 2d 808, 811 (Fla. 4th DCA 2002) (holding that the trial judge impermissibly suggested during cross-examination that the prosecution inquire into defendant's immigration status); Asbury v. State, 765 So. 2d 965, 965 (Fla. 4th DCA 2000) (holding that, at a suppression hearing, the trial judge impermissibly prompted the State to present evidence and recall witnesses).

In the instant case, the trial judge did not enter the fray to an extent or a magnitude close to the intrusions of the trial judges in M.W.'s cited cases. In this instance, the trial judge merely told counsel for the State to lay a proper predicate for the evidence the State knew it was required to present. The trial judge neither asked a question of the witness nor told the State which question to ask of the witness. In other words, the trial judge did not cross a line and assume the role of the prosecutor. Here, the judge's conduct fell within a trial court's latitude to regulate the course of a trial in his courtroom. Hahn v. State, 58 So. 2d 188, 191 (Fla. 1952); R.W. v. Dep't of Children & Families, 189 So. 3d 978, 980 (Fla. 3d DCA 2016). It

4

also fell within the right of a trial judge to "exercise reasonable control" over the interrogation of witnesses. <u>See</u> § 90.612(1), Fla. Stat. (2017).

Because we find that the trial judge did not sacrifice neutrality or impartiality during the trial below, we affirm.

Affirmed.

5