DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARY MARCONI,**
Appellant,

v.

**TAMER ERTURK,**
Appellee.

No. 4D19-2022

[March 18, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2018-DR-000387-XXXX-NB.

Craig A. Boudreau, West Palm Beach, for appellant.

No brief filed on behalf of appellee.

CIKLIN, J.

In this appeal of a final judgment of dissolution of marriage, the appellant, Cary Marconi ("the wife"), challenges the judgment in multiple respects. We agree with her that the trial court did not make the required factual findings with respect to equitable distribution, and we reverse for further proceedings. However, as to her alimony and child support arguments, we find no merit and we affirm.

With respect to equitable distribution, the evidence established the following marital assets and values: $100 in cash in a specified bank account; a property in Fort Pierce valued at $100,000 and deeded in the parties' names; a property in Morton Grove, Illinois valued at $280,000; a 2011 Audi valued at $6,000; and a 2008 GMC Canyon valued at $3,700.

The evidence established the following marital liabilities: $450,000 owed to the mortgagee for the Illinois property; loans from Ally Financial for $10,236 for the Audi and $3,777.11 for the GMC; $8,500 owed by the wife to Palm Beach Atlantic University; and $10,000 owed to the IRS. The wife testified that the parties owe $450,000 on the Illinois property and it is currently in foreclosure. For the wife's nonmarital liability, the evidence

established the existence of a loan in the amount of $13,155 owed to Joseph Marconi.

The trial court entered a judgment of dissolution of marriage, but it declined to fashion an equitable distribution scheme, finding that it lacked sufficient evidence to do so.

The standard of review of a trial court's determination of equitable distribution is abuse of discretion. *Kovalchick v. Kovalchick*, 841 So. 2d 669, 670 (Fla. 4th DCA 2003). When the parties do not come to an agreement regarding distribution of marital assets and debts, the trial court's equitable distribution scheme must "be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)" of section 61.075, Florida Statutes. *See* § 61.075(3), Fla. Stat. (2018). Additionally, the court must make "specific written findings of fact" regarding the following factors:

(a) Clear identification of nonmarital assets and ownership interests;

(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;

(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;

(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.

*Id.*

"In determining the value of assets, a trial court may rely on one spouse's testimony where neither presents expert testimony." *Marquez v. Lopez*, 187 So. 3d 335, 337 (Fla. 4th DCA 2016). An owner of property may testify as to its value. *See Valentine v. Van Sickle*, 42 So. 3d 267, 278 (Fla. 2d DCA 2010) ("The parties were competent to testify concerning the value of the marital home in which they each had an ownership interest."); *Craig v. Craig*, 982 So. 2d 724, 729 (Fla. 1st DCA 2008) ("Generally, an owner of property can testify as to its value, whether or not the owner is qualified as an expert."); *Beaty v. Gribble*, 652 So. 2d 1156, 1158 (Fla. 2d DCA 1995) (finding that husband's testimony regarding value of property

he owned "was competent evidence of the value of the building because he was the owner"). And a party's financial affidavit may constitute competent evidence of value if the party owns the property. *See Noone v. Noone*, 727 So. 2d 972, 974 (Fla. 5th DCA 1998).

Here, there was sufficient evidence of the value of the Fort Pierce property, the bank account, and the vehicles, and there was sufficient evidence of the debt owed to the university and to the IRS, and the debt associated with the vehicles. There was also sufficient evidence for the court to identify the wife's nonmarital debt. Accordingly, we reverse for further proceedings as to equitable distribution. With respect to the Fort Pierce property, it appears the trial court was not certain whether the valuation offered by the wife factored in any liability associated with the property. The wife's financial affidavit does not reflect that there is any debt associated with the property. On remand, the trial court may clarify the wife's testimony on this matter if necessary. *See* § 90.615(2), Fla. Stat. (2018) ("When required by the interests of justice, the court may interrogate witnesses, whether called by the court or by a party."); *E.T. v. Dep't of Children & Families*, 261 So. 3d 593, 595 (Fla. 4th DCA 2019) (observing that questioning by the court "may be appropriate, in the court's discretion, to seek clarification of an issue and in an effort to ascertain the truth" (quoting *R.W. v. Dep't of Children & Families*, 189 So. 3d 978, 980 (Fla. 3d DCA 2016)).

As for the Illinois property, we agree with the trial court that there was insufficient evidence. There were questions regarding the wife's ownership interest and the status of foreclosure proceedings. We remand for the trial court to "take additional testimony to determine proper valuation" of the property if the wife is able to present sufficient evidence of her ownership interest and to take additional evidence regarding the foreclosure and any liabilities remaining. *See Brock v. Brock*, 690 So. 2d 737, 740 (Fla. 5th DCA 1997) (finding that where there was insufficient evidence to support findings on valuation, remand was appropriate for the court to take additional testimony to determine valuation of assets and liabilities). The trial court may elicit testimony from the wife and other witnesses if necessary to make the required findings. *See* § 90.615(2), Fla. Stat.; *E.T.*, 261 So. 3d at 595.

Based on the foregoing, we reverse and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and GERBER, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*