696 So.2d 1357 (1997)
Scott FIRST, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04165.
District Court of Appeal of Florida, Second District.
July 25, 1997.
David Farash, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Scott First appeals his convictions for two counts of grand theft. Of the two issues raised on appeal, one has merit. We agree with First that the trial court reversibly erred by failing to grant his motion for a mistrial based upon the State's improper comment during opening statement. Therefore, we reverse and remand for a new trial because the prosecutor's opening statement included an improper and prejudicial personal opinion that First's alibi witness was a "liar."
On March 22, 1995, between 9:00 a.m. and 2:00 p.m., Julia Weaver's house was burglarized and personal property was stolen. On the same day, a little after 2:00 p.m., Kenneth Emley arrived at his house and found a unknown car in his driveway. He entered the house and found his belongings stacked by the front door. The house was not occupied. The back door had been pushed open from the inside. No one was in sight. Police aerial surveillance was unable to locate any suspects.
First was subsequently developed as a suspect in the crimes. He was charged with burglary of a dwelling and grand theft for the offenses at Weaver's house. He was also charged with burglary of a dwelling and grand theft for the offenses at Emley's house. The State's case against First was a close one. Indeed, the jury found First not guilty of the two burglaries. The State concedes the only evidence as to First's guilt was circumstantial. Circumstantial evidence almost always includes some doubt as to guilt, although not necessarily a reasonable doubt.
During pretrial discovery, First notified the State of his intent to rely on an alibi defense. See Fla. R.Crim. P. 3.200. Pursuant *1358 to that rule, he listed Lisa Glisson as his witness to establish the alibi. Mrs. Glisson is First's sister and a corrections officer employed by Hillsborough County. At trial, Mrs. Glisson testified that First was with her during most of the time period during which the two criminal episodes occurred. She was "impeached" only because First was her brother, he lived with her, and he was someone whose welfare was important to her. Mrs. Glisson admitted that she knew perjury was a felony and stated that she would not lie for anyone. She explained that she had too much going for her in her own life to lie for anybody. The State presented no impeachment testimony as to any prior criminal convictions or contradictory statement on the part of Mrs. Glisson. Mrs. Glisson's testimony was contradicted only by the circumstantial evidence of First's guilt.
In opening statement, the prosecutor made the following comment to the jury: "Lisa Glisson, I anticipate, will tell you that, hey, Scott was with me on March 22nd; he wasn't out doing these burglaries; he was with me. I am going to submit to you now, and I want you to listen very carefully to her testimony, because she is a liar." First's counsel objected. In response to the objection, the trial judge stated, "Okay. No argument."[1] First's counsel then requested permission to approach the bench which was denied. At the first opportunity thereafter, First's counsel moved for a mistrial based upon the above-quoted comment.[2]
The prosecutor made an improper opening statement. The purpose of an opening statement is for counsel to outline the facts expected to be proved at trial. It is not the appropriate place for argument. The prosecutor's statement was clearly argument, not a statement of evidence expected to be proven. Additionally, the comment, "She is a liar," is an expression of personal opinion. It is improper for the prosecutor to make a statement of his or her personal opinion. See Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982) (improper for counsel to express personal opinion).
Whether or not such a statement is so prejudicial as to require a new trial depends on the "strength of the evidence against the defendant." 412 So.2d at 439. All of the evidence against First was circumstantial. The jury found him not guilty of the two burglaries. Mrs. Glisson's testimony, if believed, provided an alibi for at least some of the charges. The evidence against First was neither overwhelming nor strong.
The burden is on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The State has not met its burden. Thus, we cannot say that the improper comment during opening statement, which was properly preserved for review, constituted harmless error. Because the trial court erred when it failed to grant First's motion for mistrial based upon the State's improper comment during opening statement, we reverse the two convictions for grand theft and remand for a new trial.
Reversed and remanded.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] It is unclear from the trial court's response whether the objection was sustained, denied, or merely recognized as an objection.
[2] The first opportunity to make the motion for mistrial out of the jury's hearing occurred during First's counsel's opening statement when the trial judge granted the State's request to approach the bench following an objection.