803 So.2d 787 (2001)
Terrance SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2742.
District Court of Appeal of Florida, First District.
November 30, 2001.
Rehearing Denied January 10, 2002.
*788 Nancy A. Daniels, Public Defender, Public Defender; Dennis E. Watson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges his conviction for aggravated assault, raising three issues: whether the evidence was insufficient to prove aggravated assault; whether the trial court erred in allowing the prosecutor to comment on the defendant's failure to testify; and whether the trial court's rebuke of defense counsel, which amounted to a comment on the evidence, deprived the appellant of a fair and impartial trial. We affirm as to the first two issues. We address only the third issue concerning the comment of the trial court. We find that the judge's comment in this case was reversible error.
Appellant, Terrance Simmons, was convicted of aggravated assault by a jury. The State's evidence primarily consisted of testimony from the victim and one other eyewitness. The defense attacked the credibility of these witnesses during cross examination and closing argument. During the State's rebuttal, the prosecutor ridiculed the defense argument, saying, "according to the defense, no crime occurred here because [the victim] said it was a butcher knife and [the eyewitness] said it was a steak knife." The trial court overruled defense counsel's mischaracterization of evidence objection by saying, "[i]t is accurate and dead on point. Sit down, Mr. Boothe."
On appeal, appellant contends that this statement by the trial judge prejudiced the jury against defense counsel and deprived appellant of a fair trial. We agree. While we recognized in Sparks v. State, 740 So.2d 33 (Fla. 1st DCA 1999), that a judge may take the initiative to clear up uncertainties in the issues of a case, Florida law is clear that it is error for the judge to make a remark within the hearing of the jury that might convey his view of the case or his opinion of the weight, character, or credibility of the evidence. See e.g., Fenelon v. State, 594 So.2d 292, 294 (Fla.1992); Whitfield v. State, 452 So.2d 548, 549 (Fla.1984); Seward v. State, 59 So.2d 529, 531 (Fla.1952); Leavine v. State, 109 Fla. 447, 147 So. 897, 902 (1933). The comment made by the judge in this case appears to validate the *789 State's argument, and therefore, it was error.
Not only did the judge's comment reflect approval of the State's argument, it also demonstrated disapproval of the defense argument. This type of error is particularly harmful, as the judge's position of neutrality is essential to the proper functioning of the justice system. See Sparks, 740 So.2d at 36. When this neutrality is breached, the State has the burden to prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State has not shown in this case that the judge's comment did not contribute to the guilty verdict.
For the reasons expressed in this opinion, we conclude that the trial judge's comment in the present case was error. We, therefore, reverse and remand for a new trial.
VAN NORTWICK and BROWNING, JJ., concur.