SCHWARTZ, Chief Judge
(specially concurring).
I believe both that it was error to admit a prior written statement of the victim, which was inadmissible as an excited utterance, State v. Justice, 92 Ohio App.3d 740, 637 N.E.2d 85 (1994); State v. Dixon, 37 Wash.App. 867, 684 P.2d 725 (1984), or otherwise, see Coluntino v. State, 620 So,2d 244 (Fla. 3d DCA 1993); Reyes v. State, 580 So.2d 309 (Fla. 3d DCA 1991), and that portions[1] of the prosecutor’s unobjected to final argument went well over the line. See Card v. State, 803 So.2d 613 (Fla.2001), cert. denied, 536 U.S. 963, 122 S.Ct. 2673, 153 L.Ed.2d 845 (2002); First v. State, 696 So.2d 1357 (Fla. 2d DCA 1997). Nevertheless I concur in af-firmance because I am convinced beyond a reasonable doubt by the record — which shows the defendant was apprehended by the investigating officers literally in the act of brutally beating his wife — -that neither issue made any difference in the ultimate outcome. See § 924.33, Fla. Stat. (2003); *1225 Goodwin v. State, 751 So.2d 537 (Fla.1999); State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Justice, 92 Ohio App.3d at 740, 637 N.E.2d at 85; Dixon, 37 Wash.App. at 867, 684 P.2d at 725.

. For example:
There’s nothing up my sleeves. Nothing like that. Just the evidence and the truth. You're the truth-seekers. 'We who labor here, seek only truth.' We know what the truth is. You saw him on the stand, the guy's a- liar.
You have got to understand that he's lied to you. He barely looked you in the eye, because I can't say he lied right to your face, he’s a liar.
[[Image here]]
The Defendant lied. He lied on the stand. He lied to the police and he lied when he pled not guilty in this case, because he's guilty.
[[Image here]]
Oh, this is my favorite part. Let's talk about the Defendant testifying. Now, well it’s clear that the Defendant lies when it’s convenient.