901 So.2d 357 (2005)
Shou Demar WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-676.
District Court of Appeal of Florida, Second District.
May 6, 2005.
*358 James Marion Moorman, Public Defender, and Charles D. Peters, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Shou Demar Williams was convicted of two counts of sexual battery on a child less than twelve years of age and was sentenced to two concurrent terms of life in prison. The trial court departed from judicial neutrality when it prompted the State to amend the information as to Count I. The error was harmless as to Count II, which was unaffected by the trial court's action. However, because the State cannot prove that the error was harmless as to Count I, we reverse and remand for a new trial as to that count only.
Sexual battery "means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.011(1)(h), Fla. Stat. (1995) (emphasis added). Count I of the information alleged penetration by fingers; Count II, penetration by penis.
The evidence at trial established two incidents of sexual battery. With regard to the first incident, the victim testified that penetration was by Williams' penis. She did not say that Williams' fingers penetrated her vagina or even touched it. With regard to the second incident, the victim again testified to penile penetration. She testified that Williams touched her "around my vaginal area" but denied that he had penetrated her digitally. This victim denied on both direct examination and cross-examination that digital penetration had occurred.
A police officer who had interviewed Williams gave testimony about Williams' admissions. Williams admitted to the officer one instance of penile penetration and one instance in which only his fingers had penetrated the victim's vagina. Williams' theory of defense was that no incidents of sexual battery occurred.
At the close of evidence, defense counsel moved for judgment of acquittal on Count I, asserting that the victim denied digital penetration. The trial court's recollection of the testimony was that the victim testified to digital penetration on direct examination. The prosecutor said that Williams' admission was substantive evidence of digital penetration to prove Count I. Defense counsel argued that the admission could not be used to prove Count I absent independent evidence of the corpus delicti of the offense. The prosecutor did not have an argument in response.[1] The following exchange occurred:
THE COURT [addressing the prosecutor]: Okay. This is incident number *359 one, Count I. Incident number two is Count II, and you're convinced in describing incident number I, she talked about fondling.
[Prosecutor]: And sticks his penis in her vagina after that, which is the first time when she bleeds.
THE COURT: Why doesn't it say penis?
[Prosecutor]: Because we charged the two acts. We charged the penetration that happened on either occasion.
THE COURT: Why don't you amend this to penis since you have two different acts?
[Prosecutor]: I think we're in the middle of trial and the rule might disallow us to be amending at this point.
THE COURT: It conforms to the evidence. I thought it was one incident involving fingers and another incident involving penis.
[Prosecutor]: She describes that his hands touched her on a regular basis.
THE COURT: That's not penetration. That has nothing to do with this. That's not even an attempted sexual battery.
[Prosecutor]: At this time I would move to amend Count I to move from fingers to penis and add union or contact.
[Defense counsel]: We object. The information as charged, we defended against these as charged, specifically says finger in the first count.
THE COURT: I'll let you amend finger to penis. Go ahead. That's okay. We're going with that. Put your initials, and you're objecting.
[Defense counsel]: Yes.
THE COURT: Okay. Let the record so reflect.
Without question, the prosecutor would not have moved to amend the information without prompting by the trial court over defense counsel's objection. This departure from judicial neutrality was error.[2] "The requirement of judicial impartiality is at the core of our system of criminal justice." McFadden v. State, 732 So.2d 1180, 1184 (Fla. 4th DCA 1999). "[T]he trial judge serves as the neutral arbiter in the proceedings and must not enter the fray by giving `tips' to either side." Evans v. State, 831 So.2d 808, 811 (Fla. 4th DCA 2002) (quoting Chastine v. Broome, 629 So.2d 293, 295 (Fla. 4th DCA 1993)). In these and other cases, the trial court departed from its position of neutrality by prompting the State to present evidence to prove the offense alleged. See also Lyles v. State, 742 So.2d 842, 843 (Fla. 2d DCA 1999); Lee v. State, 789 So.2d 1105, 1107 (Fla. 4th DCA 2001); Asbury v. State, 765 So.2d 965, 966 (Fla. 4th DCA 2000); Sparks v. State, 740 So.2d 33, 36-37 (Fla. 1st DCA 1999). In this case, we find that the trial court committed an equally serious departure from neutrality by prompting the State to alter the allegation to fit the proof of the offense.
"When [judicial] neutrality is breached, the State has the burden to prove beyond a reasonable doubt that the error did not contribute to the verdict." Simmons v. State, 803 So.2d 787, 789 (Fla. 1st DCA 2001).[3]
*360 Count II was unaffected by the trial court's action, and it was supported by overwhelming evidence of penile penetration. We find that the State proved beyond a reasonable doubt that the error did not contribute to the verdict as to Count II. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
The same cannot be said of Count I. Other than Williams' admission, there was no evidence of digital penetration, and the victim unequivocally denied digital penetration. Because the State cannot prove beyond a reasonable doubt that the error did not contribute to the verdict as to Count I, we reverse and remand for a new trial as to this count only.
Affirmed in part; reversed in part.
NORTHCUTT, KELLY, and WALLACE, JJ., Concur.
NOTES
[1] The parties did not discuss section 92.565, Florida Statutes (2003), which permits a defendant's confession or admission in a sexual abuse case to be admitted into evidence absent proof of the corpus delicti of the crime if the court finds that the confession or admission is trustworthy. See State v. Dionne, 814 So.2d 1087 (Fla. 5th DCA 2002) (holding that section 92.565 applies retroactively to evidence of crimes committed before the statute's effective date of June 5, 2000). Section 92.565 is an exception to the rule that before evidence of a defendant's confession or admission can be admitted, the State must independently establish prima facie evidence that each element of the offense occurred through the criminal agency of a person. See generally Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997). Because section 92.565 was not raised below, we have no occasion to address it here.
[2] Because we reverse on this ground, we need not address Williams' arguments concerning the propriety of amending the information under these circumstances. See generally State v. Anderson, 537 So.2d 1373, 1375 (Fla. 1989).
[3] We note that Lyles, 742 So.2d 842, and Sparks, 740 So.2d 33, treated departure from judicial neutrality as fundamental error. However, not every act of judicial impartiality will qualify as fundamental error. Mathew v. State, 837 So.2d 1167, 1170 (Fla. 4th DCA 2003). Because the trial court's conduct did not vitiate the validity of the entire trial, harmless error review is appropriate in this case. In light of the manner in which the objection was preserved in Simmons, 803 So.2d at 788, we conclude that the objection was preserved.