CASANUEVA, Chief Judge.
 

 Eddie Seago appeals his two convictions for robbery with a firearm, asserting that the trial court erred in two instances. Each claim, one arising during voir dire and the other during the State’s direct examination of a witness, alleges that the trial court departed from its required position of neutrality thereby denying him his right to a fair trial. We conclude no error took place during the voir dire process. As to the second claim, we conclude that it is meritorious and reverse and remand for a new trial.
 

 Because neither of the two victims could identify Mr. Seago at trial as the perpetrator, the State sought to bolster its
 
 *1271
 
 identification evidence by calling Candace Jones as a witness. Ms. Jones was present at the crime and had been charged as a codefendant. Her case had not proceeded to trial because for two years she had been declared to be mentally incompetent. The record suggests that her testimony for the State resulted from her psychiatrist’s suggestion that Mr. Seago might testify against her. After being called by the State, the following occurred:
 

 THE STATE: Ma’am, what happened when you got to the Island Breeze with Eddie Seago?
 

 MS. JONES: I don’t remember all the details.
 

 THE STATE: That’s okay. Tell me what you do remember.
 

 MS. JONES: I don’t know.
 

 THE COURT: Bailiff, take the jury to the jury room.
 

 Stay there please.
 

 (WHEREUPON, PROCEEDINGS WERE HAD OUTSIDE THE PRESENCE OF THE JURY AS FOLLOWS:)
 

 THE BAILIFF: Your Honor, the jury is outside the hearing of the Court.
 

 THE STATE: Judge, could we approach, briefly?
 

 THE COURT: I don’t think that there is any need to approach.
 

 Ms. Smith (sic), did you give a deposition in this case?
 

 DEFENSE: Judge, I’m going to object.
 

 THE COURT: Did you give a deposition in this case? Yes or no?
 

 MS. JONES: Yes.
 

 THE COURT: All right:
 

 DEFENSE: It’s Ms. Jones. Again, I’m going to object to this, your Honor. You know, pressure from the Court I don’t think is proper.
 

 THE COURT: I’m sorry. There is a witness that has seemed to have gotten amnesia, and I want to make sure that this is the right witness that has given a deposition.
 

 MS. JONES: Yes. I know what I’m saying.
 

 THE COURT: Okay. You have.
 

 MS. JONES: I remember.
 

 THE COURT: You have given a sworn statement under oath. I just want to make sure that I’m aware of that.
 

 DEFENSE: I believe the State can probably impeach her with that versus — ■
 

 THE COURT: All right.
 

 DEFENSE: — admonished by the Court. THE COURT: I just wanted to make sure that you are the person that gave this deposition.
 

 MS. JONES: Yes, sir. I remember. THE COURT: Okay. I’m ready for the jury to be returned.
 

 DEFENSE: Again, I’d ask my objection be noted for the record.
 

 THE COURT: Noted.
 

 DEFENSE: All right.
 

 (WHEREUPON, PROCEEDINGS RESUMED IN OPEN COURT).
 

 Ms. Jones ultimately testified in accordance with her prior deposition which, from a strategic perspective, benefited the prosecution.
 

 Analysis
 

 “The requirement of judicial impartiality is at the core of our system of criminal justice.”
 
 McFadden v. State,
 
 732 So.2d 1180, 1184 (Fla. 4th DCA 1999). In serving as neutral arbiter in the proceedings, a trial judge “must not enter the fray by giving ‘tips’ to either side.”
 
 Evans v. State,
 
 831 So.2d 808, 811 (Fla. 4th DCA 2002) (quoting
 
 Chastine v. Broome,
 
 629 So.2d 293, 295 (Fla. 4th DCA 1993)). This duty of neutrality is especially important when the trial judge is in the presence of a jury, but this court has recognized that a trial court can commit error — even funda
 
 *1272
 
 mental error — outside the presence of the jury by taking actions that obviously favor one side or the other.
 
 See Williams v. State,
 
 901 So.2d 357, 359 n. 3 (Fla. 2d DCA 2005);
 
 see also Lyles v. State,
 
 742 So.2d 842, 843 (Fla. 2d DCA 1999) (holding trial judge in a probation revocation hearing committed fundamental error where he “gave the appearance of partiality by taking sua sponte actions which benefitted the State”).
 

 J.L.D. v. State,
 
 4 So.3d 24, 26 (Fla. 2d DCA 2009).
 

 Initially, we observe that the trial court’s inquiry was not sought by either the State or by the defense. The trial court, sua sponte, began the inquiry. The record demonstrates several instances where counsel sought to derail the trial court’s inquiry into hazardous, unknown territory where prejudice could occur. Unfortunately, they were unsuccessful. We examine those instances where the inquiry could have been brought to a stop without injury.
 

 At the initial moment of departure, the State sought to approach the bench, likely to inquire of the trial court’s intent. Rather than affording the State an opportunity to inquire and, if necessary, to preserve an issue by objection, the trial court blithely concluded there was no need. Realizing the court’s intent, defense counsel quickly objected before the court could proceed with its inquiry of the witness. Instead of seeking the basis of the objection and ruling thereon, the trial court ignored counsel’s objection so that it might pursue its self-determined course.
 

 The record clearly demonstrates numerous efforts by respective counsel to prevent the trial court from acting in a manner that could be perceived as a departure from its position of neutrality. Unfortunately, those efforts failed. We observe that had the trial court refrained, the rules of evidence would have afforded each party an opportunity to delve into Ms. Jones’s testimony. The State, having called her to testify, would have been able to use the pretrial discovery deposition to refresh her memory. Had she testified contrary to the deposition testimony, each party could have used the pretrial deposition for impeachment purposes.
 

 By intentionally ignoring the opportunities that would have operated to brake its inquiry, the trial court was able to “make sure that this [was] the right witness that ha[d] given a deposition.” However, that duty rested with respective trial counsel, not with the trial court. The latter’s force of inquiry was an improper entry into the fray.
 

 In those instances “ ‘[w]hen [judicial] neutrality ‘is breached, the State has the burden to prove beyond a reasonable doubt that the error did not contribute to the verdict.’ ”
 
 Williams v. State,
 
 901 So.2d 357, 359 (Fla. 2d DCA 2005) (quoting
 
 Simmons v. State,
 
 803 So.2d 787, 789 (Fla. 1st DCA 2001)). The primary issue in this case was identity. Although the State presented other evidence of varying value and substance, it was Ms. Jones’s testimony that tied it all together and firmly established Mr. Seago as the perpetrator. The trial court’s improper conduct suggested to the witness that her testimony should be identical to that of the pretrial deposition, in which she named Mr. Seago as the offender. Consequently, the State is unable to carry its burden, and we must reverse and remand for a new trial.
 

 Reversed and remanded.
 

 NORTHCUTT and WALLACE, JJ., Concur.