WEBSTER, J.,
concurring.
I concur in the majority’s affirmance of all issues raised in this Jimmy Ryce Act case. I write only to note an improper comment on the evidence by the trial judge.
During opening statement, appellant’s lawyer told the jury:
[T]he state is going to try to make you believe that there is a mental disorder out there, called paraphilia NOS non-consenting person, otherwise known as paraphilia based on rape. And I will be submitting to you during this trial, that that mental disorder does not exist, that it is a disorder that was made up, that was created by psychologists to support ....
The trial court correctly sustained the state’s objection that the statement by appellant’s lawyer was impermissible argument. See First v. State, 696 So.2d 1357, 1358 (Fla. 2d DCA 1997) (“The purpose of an opening statement is for counsel to outline the facts expected to be proved at trial. It is not the appropriate place for argument.”). However, when appellant’s lawyer said that he was “just saying that the evidence will show that,” the trial court responded, “No. The evidence will not show that they’ve made it up, it is a science, they’ve made some prior tests.” Appellant correctly argues that the trial judge’s remark was an inappropriate comment on the evidence. See, e.g., Jones v. State, 612 So.2d 1370, 1373 (Fla.1992) (“It is error for a judge to comment on the evidence in the jury’s presence.”) (citing Raulerson v. State, 102 So.2d 281 (Fla.1958)); Simmons v. State, 803 So.2d 787, 788 (Fla. 1st DCA 2001) (“Florida law is clear that it is error for the judge to make *155 a remark within the hearing of the jury that might convey his view of the case or his opinion of the weight, character, or credibility of the evidence.”) (citing Fenelon v. State, 594 So.2d 292, 294 (Fla.1992); Whitfield v. State, 452 So.2d 548, 549 (Fla.1984); Seward v. State, 59 So.2d 529, 531 (Fla.1952); and Leavine v. State, 109 Fla. 447, 147 So. 897, 902 (1933)). Unfortunately, however, appellant’s lawyer did not object to the comment and, accordingly, the error was not preserved for appellate review. See Moore v. State, 701 So.2d 545, 549 (Fla.1997) (citing Jones v. State, 612 So.2d 1370 (Fla.1992)). Because the comment was not sufficiently egregious to constitute fundamental error, we must affirm.