# Supreme Court of Florida

_____

No. SC18-1098
_____

**RANDALL SCOTT JONES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

December 13, 2018

PER CURIAM.

We have for review Randall Scott Jones's appeal of the postconviction court's order denying Jones's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Jones's motion sought relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Jones responded to this Court's order to show cause arguing why *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017), should not be dispositive in this case.

After reviewing Jones's response to the order to show cause, as well as the State's arguments in reply, we conclude that Jones is not entitled to relief. Jones was convicted of two counts of first-degree murder and sentenced to death on both counts following the jury's recommendation for death for both murders by a vote of 10-2.[1] Jones's sentences of death became final in 1993. *Jones v. Florida*, 510 U.S. 836 (1993). Thus, *Hurst* does not apply retroactively to Jones's sentences of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the postconviction court's order denying relief.

The Court having carefully considered all arguments raised by Jones, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
CANADY, C.J., concurs in result.

---

1. This Court's opinion on direct appeal after resentencing does not state the jury's votes for recommending death. *Jones v. State*, 612 So. 2d 1370, 1372 (Fla. 1992), *cert. denied*, 510 U.S. 836 (1993); *see Jones v. State*, 569 So. 2d 1234 (Fla. 1990) (remanding for resentencing). However, the postconviction court's order and Jones's Response to this Court's order to show cause in this case both state that the jury recommended death by a vote of 10-2 on both counts. Order Denying Def.'s Successive Mot. Vacate J. Conviction & Sentence Death Pursuant Fla. Rule Crim. Pro. 3.851, *State v. Jones*, No. 87-1695-CF (Fla. 7th Cir. Ct. May 15, 2017), at 2; Resp. at 3.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result because I recognize that this Court's opinion in *Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017), *cert. denied*, 2017 WL 4355572 (U.S. Dec. 4, 2017), is now final.  However, as I have continuously explained, I would apply *Hurst*[2] retroactively to cases like Jones's.  *See Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting).  Applying *Hurst* to Jones's case, I would grant a new penalty phase based on the jury's nonunanimous recommendation for death by a vote of 10-2.  Per curiam op. at 2 & note 1.

An Appeal from the Circuit Court in and for Putnam County,
    Patti Ann Christensen, Judge - Case No. 541987CF001695CFAXMX

Maria E. DeLiberato, Capital Collateral Regional Counsel, and Maria Christine Perinetti, Lisa Marie Bort, and Adrienne Joy Shepherd, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Lisa Martin, Assistant Attorney General, Tampa, Florida,

    for Appellee

---

2.  *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).