DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EDDIE SEAGO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1475

_____

March 7, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for
Pinellas County; Susan St. John, Judge.

Eddie Seago, pro se.

KHOUZAM, Judge.

Eddie Seago appeals from the order summarily denying his motion
in which he raised a claim of newly discovered evidence under Florida
Rule of Criminal Procedure 3.850(b)(1). Because Mr. Seago is entitled to
an evidentiary hearing on his claim, we reverse and remand for further
proceedings.

In 2008, a jury found Mr. Seago guilty of two counts of robbery
with a firearm, and the trial court sentenced him as a prison releasee

reoffender to terms of life in prison.[1]  Mr. Seago appealed his judgment and sentences, and this court reversed and remanded for a new trial because the trial court departed from its required position of neutrality when it pressured Mr. Seago's codefendant, Ms. Jones, to testify in accordance with her deposition testimony.  *See Seago v. State,* 23 So. 3d 1269 (Fla. 2d DCA 2010).  This court wrote:

> Because neither of the two victims could identify Mr. Seago at trial as the perpetrator, the State sought to bolster its identification evidence by calling Candace Jones as a witness. Ms. Jones was present at the crime and had been charged as a codefendant.  Her case had not proceeded to trial because for two years she had been declared to be mentally incompetent.  The record suggests that her testimony for the State resulted from her psychiatrist's suggestion that Mr. Seago might testify against her.

*Id.* at 1270-71.

On remand, Mr. Seago offered to plead guilty to two counts of robbery with a weapon in exchange for concurrent thirty-year sentences as a prison releasee reoffender.  He entered the pleas stating that he believed doing so was in his best interest because he faced mandatory sentences of life in prison if again convicted at trial.  Mr. Seago appealed the order denying his subsequent motion to withdraw his pleas, and this court affirmed without written opinion.  *Seago v. State,* 64 So. 3d 687 (Fla. 2d DCA 2011).

---

[1] *See* § 775.082(9)(a)3.a, Fla. Stat. (2004).  Pursuant to this statute, the trial court had no discretion to impose a sentence of less than the statutory maximum, which is served as a minimum mandatory sentence, after the State exercised its discretion to seek a prison releasee reoffender classification and established that Mr. Seago met the qualifications.  *Id.*

2

Mr. Seago filed a motion under rule 3.850(b)(1), alleging that a newly discovered confession, documented in an affidavit attached to the motion, demonstrates that his pleas, convictions, and sentences should be vacated. The affiant wrote that he committed the acts that one victim and Ms. Jones attributed to Mr. Seago, that Mr. Seago "was not in the car at the time of this robbery and played no part in this crime," and that the affiant loaned Mr. Seago the car after the robbery. The affiant explained that he did not previously confess to the crimes because he "was afraid of the consequences" but that he "can no longer live with this on [his] heart." The postconviction record confirms Mr. Seago's allegations that the affiant owned the car that was used in the robbery, that he was questioned by law enforcement, and that his photograph was included in a photo lineup provided to the victims. Although the postconviction record reflects that the victims did not identify the affiant in the photo lineup, it does not reveal what other circumstances led law enforcement to exclude the affiant as a suspect.

The postconviction court ruled that Mr. Seago's motion was facially sufficient under the exception to the two-year time limit in rule 3.850(b)(1)[2] and ordered the State to respond. After receipt of the State's response and Mr. Seago's reply, the court summarily denied the motion on the basis that "there was overwhelming evidence that the Defendant and not [the affiant] committed the offenses." This evidence included one victim's out-of-court photo pack identification of Mr. Seago and her

_____

[2] Rule 3.850(b)(1) provides an exception to the two-year time limit set forth in rule 3.850(b) when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

3

failure to identify the affiant in a photo pack, Ms. Jones' testimony that she committed the robberies with Mr. Seago, both victims' identification of Ms. Jones, and Mr. Seago's fingerprint on a victim's car in the area where the victim and Ms. Jones testified he touched it. The court noted that the affiant could be impeached with his deposition testimony that he was working when the crimes occurred, his "significant criminal history," and the fact that he did not confess to the crimes until after the statute of limitations had expired. It ruled that because Mr. Seago faced mandatory sentences of life imprisonment, there is no reasonable probability that he would have proceeded to trial if the affiant's confession had been available to him.

A postconviction court's decision to grant an evidentiary hearing or summarily deny a rule 3.850 motion is based on written materials before the court, so "its ruling is tantamount to a pure question of law, subject to de novo review." *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016) (citing *Long v. State*, 183 So. 3d 342, 344 (Fla. 2016)). When reviewing a court's summary denial of a rule 3.850 motion, this court must accept "the movant's factual allegations as true to the extent they are not refuted by the record and will affirm the ruling if the record conclusively shows that the movant is entitled to no relief." *Id.*

In *Long*, 183 So. 3d at 346, the supreme court announced the test courts are to use when a person who has pleaded guilty raises a claim of newly discovered evidence.

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to

4

trial. "[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial."

*Id.* (alteration in original) (quoting *Grosvenor v. State*, 874 So. 2d 1176, 1181-82 (Fla. 2004)).

Nothing in the postconviction record before us conclusively refutes Mr. Seago's assertion that the affiant's confession would have been the deciding factor for him to again risk life sentences at retrial. The standard is a reasonable probability that "the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* (emphasis added). Here, Mr. Seago did in fact proceed to a trial with a misidentification defense, and the record attachments support his assertion that he entered his pleas only reluctantly before a retrial. Moreover, in the context of the credibility and identity determinations presented to the jury at the trial, we also disagree that the evidence was sufficiently "overwhelming" to support a summary denial.

Under these circumstances, an evidentiary hearing is necessary for the court to make findings of fact regarding the credibility of Mr. Seago's claim. *See Blaise v. State*, 368 So. 3d 1032, 1035-36 (Fla. 3d DCA 2023) ("[B]ased upon this asserted evidence, which is properly considered newly-discovered, a trial court will ordinarily be required to conduct an evidentiary hearing at which the defendant must demonstrate an entitlement to relief pursuant to *Long*.").

Accordingly, we reverse and remand for an evidentiary hearing to be held on Mr. Seago's claim of newly discovered evidence.

5

Reversed and remanded for further proceedings.

KELLY and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.